IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORMAN DEAN,<br><br>          Plaintiff,<br><br>vs.<br><br>CHEROKEE INSURANCE COMPANY, ROYAL TRUCKING COMPANY, and PHILIP ARTHUR CAIN,<br><br>          Defendants. | CIVIL ACTION<br>FILE NO. 1:18-cv-04914-WMR |

**PLAINTIFF'S MOTION TO EXCLUDE
TESTIMONY OF DEFENDANTS' EXPERT
MATTHEW MCGIRT, MD**

COMES NOW, Norman Dean, Plaintiff in the above-styled civil action, and pursuant to Local Rule 26.2C and Federal Rule of Civil Procedure 37(c)(1) respectfully moves the Court for an order excluding the testimony of Defendants' expert Matthew McGirt, MD for the reasons enumerated in the accompanying brief in support of this motion.

Respectfully submitted,

**THE HOUGHTON LAW FIRM, LLC**


By: */s/ John A. Houghton*
**JOHN A. HOUGHTON**
Georgia Bar No. 118206

2860 Piedmont Road NE, Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day of April 20, 2020 electronically filed the foregoing PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT MATTHEW MCGIRT, MD with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Jeffrey W. Melcher, Esq.
W. Shawn Bingham, Esq.
Eleanor Jolley, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
One Atlanta Plaza
950 East Paces Ferry Road, NE
Suite 2850
Atlanta, Georgia 30326
*Counsel for Defendants*

This 20th day of April, 2020

**THE HOUGHTON LAW FIRM, LLC**

By: */s/ John A. Houghton*
**JOHN A. HOUGHTON**
Georgia Bar No. 118206

2860 Piedmont Road NE, Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORMAN DEAN,<br><br>      Plaintiff,<br><br>vs.<br><br>CHEROKEE INSURANCE COMPANY, ROYAL TRUCKING COMPANY, and PHILIP ARTHUR CAIN,<br><br>      Defendants. | CIVIL ACTION<br>FILE NO. 1:18-cv-04914-WMR |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT MATTHEW MCGIRT, MD

COMES NOW Plaintiff Norman Dean and hereby files his brief in support of his motion to exclude the testimony of Defendants' expert Matthew McGirt, MD and shows the Court as follows:

### I.   FACTUAL BACKGROUND

This case involves a tractor-trailer collision that occurred at approximately 11:55 a.m. on October 26, 2016 on Highway 61 in Carroll County, Georgia. Defendant Philip Cain was operating a Royal Trucking tractor-trailer on Highway 61 southbound in Carroll County, Georgia. At about the same time, Plaintiff Norman

Dean was operating his sedan on Highway 61 Southbound in the lane to the left of Defendant Cain's vehicle.

At some point, Defendant Cain attempted to merge to the left lane so that he could get on I-20 eastbound. (**Exhibit #1**, Deposition of Defendant Cain, p. 42, ll. 24-25; p. 43, ll. 1, p. 45, ll. 1-23) As a result of this maneuver, Defendant Cain struck the passenger's side of Plaintiff Norman Dean's car causing moderate damage from the front passenger side fender to the rear passenger side quarter panel, including tearing through the front passenger tire. (See **Exhibit #2** Accident Report). Plaintiff Norman Dean reported low back pain to the investigating officer at the scene of this collision and went to Tanner Medical Center emergency room later that same day. Plaintiff Dean sustained injuries and aggravated a prior condition to his lower back in this collision that has now required a posterior lumbar fusion surgery. (**Exhibit #3,** Deposition of Treating Neurosurgeon Christopher Tomaras, MD, p. 60, ll. 21-25, p. 61, ll. 1-6, ll. 10-14)

Defendant Cain admits that at the time this wreck happened, he was in the middle of a merge maneuver trying to get in the left lane. (Exhibit #1, Deposition of Defendant Cain, p. 42, ll. 24-25; p. 43, ll. 1, 9-16) Defendant Cain was assigned fault by the Villa Rica police officer for misjudged clearance; Plaintiff Norman Dean was assigned no contributing factor in causing the wreck. (Exhibit #2, Accident Report) Defendant Royal Trucking Company deemed this wreck to be preventable

on the part of Defendant Cain. (**Exhibit #4**, Deposition of Royal Trucking Director of Safety Compliance & Risk Chris Makamson, p. 52, ll. 11-17) Defendants in each of their defensive pleadings have denied liability. (**Exhibit #5**, See Answers, para 14, 15, and 16)

<u>Designation of Matthew McGirt, MD as an Expert & His Testimony</u>

Plaintiff took the deposition of Dr. McGirt on Tuesday, April 14, 2020 and at the time of this filing, his transcript is not ready yet.  However, Defendants did not provide notice to Plaintiff that Matthew McGirt was an expert until January 13, 2020.  (**Exhibit #6,** Rule 26 report, Doc 54-2)  Defendants did not provide Plaintiff with Dr. McGirt's expert report until eleven (11) days before the expiration of the extended discovery period.[1]

## II.   ARGUMENT & CITATION OF AUTHORITY

The Court has broad discretion in excluding expert testimony based on the timeliness of the disclosures under Local Rule 26.2C and Federal Rule of Civil Procedure 37(c)(1).

**A. <u>Defendants Did Not Designate Matthew McGirt MD Sufficiently Early in Discovery  Period to Allow Plaintiff to Name Its Own Retained Medical Billing Expert</u>**

Federal Rule of Civil Procedure 26 provides that expert disclosures must occur at the times and in the sequence that the Court orders. Fed. R. Civ. P.

---

[1] The already extended discovery period concluded on January 24, 2020

- 3 -

26(a)(2)(C).  This Court's Local Rules set forth the following guidelines regarding the disclosure of expert witnesses:

> Any party who desires to use the testimony of an expert witness shall designate the expert witness sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.  **Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer testimony of the party's expert**, unless expressly authorized by court order based upon a showing that the failure to comply was justified. LR 26.2C, ND Ga [Emphasis supplied]

Here, Defendants waited until only eleven (11) days remained in the extended discovery period to designate Dr. McGirt as an expert and produce his expert report. (See Exhibit #6).[2]

In doing so, the defense made it a virtual certainty that Plaintiff would be unable depose this out-of-state (North Carolina) expert and make a timely determination as to whether to retain and designate his own medical expert to rebut any opinions offered by Dr. McGirt.  Designating expert witnesses less than 2 weeks before the expiration of the (already extended) discovery period completely runs afoul of the requirement that expert witnesses be designated "sufficiently early in

---

[2] At the time of this filing, Plaintiff has not received everything listed on his Notice to Produce filed with his deposition notice for Dr. McGirt including documentation of when Dr. McGirt was initially retained.  Dr. McGirt did not have power at the time of his deposition and did not have access to all of his computer files when the deposition was done remotely with the 'Zoom' application.  Plaintiff will supplement this brief as needed.

- 4 -

the discovery period to permit the opposing party the opportunity to depose the expert." LR 26.2C, NDGa.

The Defendants' failure to take the steps to designate him and any others in a proper manner as expert witnesses earlier in the discovery period cannot be excused. See APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1338 (N.D. Ga. 2004) (finding no justification for a party's failure to designate in a timely fashion an expert witness where the party was on notice during discovery that the expert testimony would be needed). On this basis alone, the Defendants should not be allowed to offer Dr. McGirt's testimony as an expert at trial. He should be excluded.

## CONCLUSION

Accordingly, and for the foregoing reasons, Plaintiff respectfully requests that the Court exclude from trial the testimony of defendant's expert Matthew McGirt, MD.

This the 20th day of April, 2020.

                          Respectfully Submitted,
                          THE HOUGHTON LAW FIRM, LLC

                          By: */s/ John A. Houghton*
                          **JOHN A. HOUGHTON**
                          Georgia Bar No. 118206
                          *Attorneys for Plaintiff*

2860 Piedmont Road, NE, Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day of April 20, 2020 electronically filed the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT MATTHEW MCGIRT, MD with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Jeffrey W. Melcher, Esq.
W. Shawn Bingham, Esq.
Eleanor Jolley, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
One Atlanta Plaza
950 East Paces Ferry Road, NE
Suite 2850
Atlanta, Georgia 30326
*Counsel for Defendants*

This 20th day of April, 2020

THE HOUGHTON LAW FIRM, LLC

By: */s/ John A. Houghton*
**JOHN A. HOUGHTON**
Georgia Bar No. 118206

2860 Piedmont Road NE, Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1B.  This motion has been prepared in Times New Roman font, 14 point, doubled-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 20th day of April, 2020

                                          THE HOUGHTON LAW FIRM, LLC

                                          By: */s/ John A. Houghton*
                                          **JOHN A. HOUGHTON**
                                          Georgia Bar No. 118206

2860 Piedmont Road NE, Suite 250
Atlanta, Georgia 30305
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com